MAY, J.,
delivered the resolutions of the court. 1. As to the point presented by the first bill of exceptions: in a prosecution for uttering counterfeit money or notes, evidence that the accused had, about the same period, passed other counterfeit money or notes, of the like kind, is admissible as tending to prove the scienter. With this view, the evidence was properly admitted.
2.The prisoner moved to exclude all the evidence respecting the counterfeit notes paid away by Lewallen, for the purchase of horses. We think it may be fairly deduced from the whole evidence, that the prisoner and Lewallen were jointly interested, and had confederated, in thus passing counterfeit notes, in the purchase of horses, during their expedition over the mountains. If so, there could be no stronger evidence to prove that the note mentioned in the indictment, which was of the same description, and was passed to Smith, upon the same journey, was known by the prisoner to be counterfeit.
3. The commonwealth proved by persons well acquainted with the notes of the bank of Virginia, that the note in the indictment mentioned, was counterfeit. The prisoner insisted that the proof should be made by an officer of the bank. We are of opinion, that the evidence was legal and competent, to be weighed by the jury; and, therefore, that the objection was properly overruled.
4. The motion made for a new trial, on the ground that the verdict was mot warranted by the evidence, was properly overruled. Without admitting, in any manner, the ^'propriety of spreading the evidence on the record, as was done here, and in effect asking this court to review the decision of mere questions of fact; we are all of opinion, that the verdict is fully sustained by the evidence.
Then, as to the separation of the jury. No case has been cited, and we have iound none, in which a separation of the jury, before any evidence has been introduced, has been held to be a sufficient cause to set aside their verdict. Coke, Foster and Blackstone say, that after the jury are sworn and charged with the prisoner, and after evidence has been given, the jury cannot be discharged or separated. In Bun’s trial, it being impracticable to empanel a jury on the first day, four were sworn ; and the question being made, whether they should be confined, the court held that it was unnecessary. We are not disposed to increase the rigour which has prevailed upon this subject. See The King v. Kinnear and others, 2 Barn. & Ald. 462; 7 Howell’s St. Tri. 499; 19 Id. 67l. There has been no decision of this court, which would require us to set aside the verdict for such a separation of the jury as is here stated.
It is proper to mention, that a majority of the judges have decided this part of the case, on the distinction between a separation before and one after the evidence commenced, without expressing any opinion as to the character of the separation proved ; whilst others, upon the authority of Massey Thomas’s case, 2 Virg. Ca. 479, and under a belief, that the possibility of any tampering with the jury, under the circumstances of this case, was too remote, are disposed to place it on that ground, without affirming or denying the principle adopted bjr the court.
_